**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **CITY OF MONROE EMPLOYEES' RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated,** | ) | |
| **Plaintiff,** | ) | **Civil Action No: ___________ (Chancery Court for Knox County Tennessee, Case No. 163762-3)** |
| **v.** | ) | |
| **CTI MOLECULAR IMAGING, INC., RONALD NUTT, TERRY D. DOUGLASS, WOLF-EKKEHARD BLANZ, ROY DOUMANI, JAMES R. HEATH, LEROY HOOD, HAMILTON JORDAN, WILLIAM MCINNES and MICHAEL E. PHELPS** | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

Defendants CTI Molecular Imaging, Inc., Ronald Nutt, Terry D. Douglass, Roy Doumani, James R. Heath, Leroy Hood, Hamilton Jordan and Wolf-Ekkehard Blanz hereby give notice of removal of the civil action captioned City of Monroe Employees' Retirement System, et al. v. CTI Molecular Imaging, Inc., et al, Case No. 163762-3, from the Chancery Court for Knox County, Tennessee to the United States District Court for the Eastern District of Tennessee at Knoxville. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332 (as amended by the Class Action Fairness Act of 2005, Public Law 109-2), 1441, 1446 and 1453. As grounds for removal, Defendants state as follows:

1. Plaintiff commenced this action by Complaint filed March 22, 2005, in the Circuit Court for Knox County, Tennessee.

2. Plaintiff served Defendant Jordan with a summons and the Complaint on March 31, 2005.

3. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served in this action are attached hereto as Exhibit A.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, (as amended by the Class Action Fairness Act of 2005 § 4, Pub. L. No. 109-2 [Exhibit B]), and which may be removed under 28 U.S.C. § 1453. The Class Action Fairness Act of 2005 significantly expands diversity jurisdiction and modifies the traditional test for determining the existence of diversity jurisdiction for putative class actions. The Class Action Fairness Act of 2005 provides:

> [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; or
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

5. The district court has original jurisdiction over this action in that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. The Complaint purports to seek an injunction to halt a transaction valued in excess of $1 billion. The alleged basis for seeking injunctive relief is because Defendants have failed to obtain the "highest price reasonably available for CTI Molecular Imaging" on behalf of CTI's shareholders. *See* Complaint ¶3. The aggregate value to the individual putative class members of the equitable

relief sought is sufficiently measurable and certain and exceeds $5,000,000, exclusive of interest and costs.

6. The district court has original jurisdiction over this action in that it is a class action in which at least one member of the putative class is a citizen of a State different from any of the Defendants. Jurisdiction also exists in that this action is a class action in which at least one member of the putative class is a citizen or subject of a foreign state and at least one of the Defendants is a citizen of a State of the United States.

7. The Complaint satisfies the Class Action Fairness Act of 2005's requirements for determining the existence of diversity jurisdiction and satisfies the amount in controversy requirement.

8. Neither of the two limitations on the Court's diversity jurisdiction over putative class actions contained within the Class Action Fairness Act of 2005 is applicable to the Complaint.

9. None of the exceptions to the Court's jurisdiction over putative class actions as described in 28 U.S.C. §1453(d) apply because this Action does not **solely** involve (i) a claim concerning a covered security; or (ii) a claim that relates to the internal affairs or governance of a corporation arising under or by virtue of laws of the State in which such corporation is incorporated or organized; or (iii) a claim that relates to the rights, duties and obligations relating to or created by or pursuant to any security.

10. The Complaint does not allege the citizenship of Plaintiff City of Monroe Employees' Retirement System. However, upon information and belief, Plaintiff is a citizen of the State of Michigan.

11. The Complaint alleges that Plaintiff is a shareholder of CTI Molecular Imaging, Inc. ("CTI") and asserts putative class action claims "on behalf of all holders of CTI Molecular Imaging stock" excluding the "defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant". Complaint, ¶ 22.

12. The holders of CTI Molecular Imaging stock who are included within this class definition include citizens of Canada and the United Kingdom. There are also members of the putative class of Plaintiffs, including the City of Monroe Employees' Retirement System, who are citizens of states different from the states of which Defendants are citizens.

13. Defendant CTI is a Delaware corporation having its principal place of business in Tennessee.

14. Defendants Ronald Nutt, Terry D. Douglass and William M. McInnes are citizens of the State of Tennessee.

15. Defendant Wolf-Ekkehard Blanz is a citizen of the Federal Republic of Germany.

16. Defendants Roy Doumani, James R. Heath and Michael E. Phelps are citizens of the State of California.

17. Defendant Leroy Hood is a citizen of the State of Washington.

18. Defendant Hamilton Jordan is a citizen of the State of Georgia.

19. Although the Class Action Fairness Act of 2005 eliminates the requirement that all Defendants consent to the removal, all Defendants in the instant action do, in fact, consent to the removal. *See* 28 U.S.C. § 1453(b).

20. Removal of the above-titled state court action to this Court is appropriate pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of 2005, Public Law 109-2), 1446 and 1453.

Case 3:05-cv-00204 Document 1 Filed 04/15/05 Page 4 of 8 PageID #: <pageID>

21. In addition, and alternatively, Plaintiff's claims present a federal question under 28 U.S.C. §1331 because they require resolution of substantial issues arising under the Federal securities laws, and as such this Court would have original jurisdiction. *See Ayres v. General Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000); *Sparta Surgical Corp. v. National Association of Securities Dealers, Inc.*, 159 F.3d 1209, 1212-13 (9th Cir. 1998); *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996).

22. Plaintiff's Motion for Expedited Discovery and Amended Motion for Expedited Discovery reveal that the crux of Plaintiff's theory involves alleged misrepresentations and/or omissions in the Schedule 14D-9, a document required by Federal Law to be filed with a Federal agency (the Securities and Exchange Commission ("SEC")), and governed by the disclosure requirements contained within the Securities Exchange Act of 1934 and the implementing regulations promulgated by the SEC. The federal regulatory scheme governs the nature and extent of the disclosures contained in this document. Plaintiff's allegation that Defendants failed to adequately disclose the financial fairness opinion of Bear, Stearns & Co., Inc. and certain issues relating to the compensation to be received by CTI's executive officers are an essential element of Plaintiff's claims for breach of fiduciary duties. *See Plaintiff's Memorandum in Support of its Amended Motion for Expedited Discovery*, at 3-4. Thus, Plaintiff's allegations regarding Defendants' alleged violations of federal securities laws by failing to adequately disclose these issues are at the core of this action.

23. Because Plaintiff's right to relief depends on resolution of substantial questions of federal law, *i.e.*, whether defendants have violated federal securities laws by failing to disclose alleged material facts, there is federal question jurisdiction and this case is removable pursuant to 28 U.S.C. § 1441(b). *See Ayres v. General Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000);

*Sparta Surgical Corp. v. National Association of Securities Dealers, Inc.*, 159 F.3d 1209, 1212-13 (9th Cir. 1998); *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996).

24. This Court has supplemental jurisdiction over any state law claims that do not necessarily turn on the resolution of a substantial question of federal law pursuant to 28 U.S.C. § 1367.

25. Defendant reserves the right to amend or supplement this Notice of Removal.

26. By filing this Notice of Removal, Defendants do not waive, either expressly or impliedly, their respective rights to assert any defenses that the Defendants could have asserted in the Chancery Court for Knox County, Tennessee.

27. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiff's counsel and the Chancery Court Clerk for Knox County, Tennessee.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and removal pursuant to 28 U.S.C. § 1453 and 28 U.S.C. § 1446 is appropriate.

Respectfully submitted,

**CTI MOLECULAR IMAGING, INC., RONALD NUTT, TERRY D. DOUGLASS, ROY DOUMANI, JAMES R. HEATH, LEROY HOOD, and HAMILTON JORDAN**

By: ______________________________

John A. Lucas (011198)
James S. Chase (020578)
**HUNTON & WILLIAMS, LLP**
2000 Riverview Tower
900 South Gay Street
Knoxville, Tennessee 37902
(865) 549-7700 (telephone)
(865) 549-7704 (facsimile)

Edward J. Fuhr, Esq.
Terence J. Rasmussen, Esq.
**HUNTON & WILLIAMS, LLP**
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200 (telephone)
(804) 788-8218 (facsimile)

Randall L. Allen, Esq.
Todd R. David, Esq.
John H. Goselin II, Esq.
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

**WOLF-EKKEHARD BLANZ**

By: ______________________________
Martin B. Bailey (015370)
**WAGNER, MYERS & SANGER, P.C.**
1801 First Tennessee Plaza
Knoxville, Tennessee 37929
(865) 525-4600 (telephone)
(865) 291-0419 (facsimile)

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on April 15, 2005, a copy of foregoing was filed in the United States District Court for the Eastern District of Tennessee and was served upon the following via facsimile and United States mail, postage prepaid:

Lewis R. Hagood, Esq.
Daniel D. Rhea, Esq.
Arnett, Draper and Hagood
2300 First Tennessee Plaza
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000
(865) 546-0423 (fax)

James G. Stranch, III, Esq.
Joe P. Leniski, Jr., Esq.
J. Gerard Stranch, IV, Esq.
Branstetter, Kilgore, Stranch & Jennings
227 Second Avenue, North -4th Floor
Nashville, TN 37201-1631
(615) 254-8801
(615) 255-5419 (fax)

Darren J. Robbins, Esq.
Randall J. Baron, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins, LLP
401 B Street, Suite 1600
San Diego, CA 92101
(619) 231-1058
(619) 231-7423 (fax)

George E. Barrett, Esq.
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201-1601
(615) 244-2202
(615) 252-3798 (fax)

This filing can also be accessed by operation of the Court's electronic filing system.

____________________________