# EXHIBIT B


### UNITED STATES PUBLIC LAWS
### 109th Congress - First Session
### Convening January 7, 2005

Copr. © 2005 Thomson/West. No Claim to Orig. U.S. Govt.Works

Additions and Deletions are not identified in this database.
Vetoed provisions within tabular material are not displayed

PL 109-2 (S 5)
February 18, 2005
CLASS ACTION FAIRNESS ACT OF 2005

AN ACT To amend the procedures that apply to consideration of interstate class actions to assure fairer outcomes for class members and defendants, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States
of America in Congress assembled,

SECTION 1. SHORT TITLE; REFERENCE; TABLE OF CONTENTS.

<< 28 USCA § 1 NOTE >>

(a) SHORT TITLE.--This Act may be cited as the "Class Action Fairness Act of 2005".

(b) REFERENCE.--Whenever in this Act reference is made to an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of title 28, United States Code.

(c) TABLE OF CONTENTS.--The table of contents for this Act is as follows:

Sec. 1. Short title; reference; table of contents.

Sec. 2. Findings and purposes.

Sec. 3. Consumer class action bill of rights and improved procedures for interstate class actions.

Sec. 4. Federal district court jurisdiction for interstate class actions.

Sec. 5. Removal of interstate class actions to Federal district court.

Sec. 6. Report on class action settlements.

Sec. 7. Enactment of Judicial Conference recommendations.

Sec. 8. Rulemaking authority of Supreme Court and Judicial Conference.

Sec. 9. Effective date.

<< 28 USCA § 1711 NOTE >>

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

SEC. 2. FINDINGS AND PURPOSES.

 (a) FINDINGS.--Congress finds the following:

 (1) Class action lawsuits are an important and valuable part of the legal system when they permit the fair and efficient resolution of legitimate claims of numerous parties by allowing the claims to be aggregated into a single action against a defendant that has allegedly caused harm.

 (2) Over the past decade, there have been abuses of the class action device that have--

 (A) harmed class members with legitimate claims and defendants that have acted responsibly;

 (B) adversely affected interstate commerce;  and

 (C) undermined public respect for our judicial system.

 (3) Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where--

 (A) counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value;

 (B) unjustified awards are made to certain plaintiffs at the expense of other class members;  and

 **\*5** (C) confusing notices are published that prevent class members from being able to fully understand and effectively exercise their rights.

 (4) Abuses in class actions undermine the national judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are--

 (A) keeping cases of national importance out of Federal court;

 (B) sometimes acting in ways that demonstrate bias against out-of-State defendants;  and

 (C) making judgments that impose their view of the law on other States and bind the rights of the residents of those States.

 (b) PURPOSES.--The purposes of this Act are to--

 (1) assure fair and prompt recoveries for class members with legitimate claims;

 (2) restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction;  and

 (3) benefit society by encouraging innovation and lowering consumer prices.

SEC. 3. CONSUMER CLASS ACTION BILL OF RIGHTS AND IMPROVED PROCEDURES FOR INTERSTATE CLASS ACTIONS.

<< 28 USCA prec. § 1711 >>

 (a) IN GENERAL.--Part V is amended by inserting after chapter 113 the following:

"CHAPTER 114--CLASS ACTIONS

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"Sec.

"1711. Definitions.

"1712. Coupon settlements.

"1713. Protection against loss by class members.

"1714. Protection against discrimination based on geographic location.

"1715. Notifications to appropriate Federal and State officials.

<< 28 USCA § 1711 >>

"§ 1711. Definitions

"In this chapter:

"(1) CLASS.--The term 'class' means all of the class members in a class action.

"(2) CLASS ACTION.--The term 'class action' means any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representatives as a class action.

"(3) CLASS COUNSEL.--The term 'class counsel' means the persons who serve as the attorneys for the class members in a proposed or certified class action.

"(4) CLASS MEMBERS.--The term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

"(5) PLAINTIFF CLASS ACTION.--The term 'plaintiff class action' means a class action in which class members are plaintiffs.

**\*6** "(6) PROPOSED SETTLEMENT.--The term 'proposed settlement' means an agreement regarding a class action that is subject to court approval and that, if approved, would be binding on some or all class members.

<< 28 USCA § 1712 >>

"§ 1712. Coupon settlements

"(a) CONTINGENT FEES IN COUPON SETTLEMENTS.--If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.

"(b) OTHER ATTORNEY'S FEE AWARDS IN COUPON SETTLEMENTS.--

"(1) IN GENERAL.--If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.

"(2) COURT APPROVAL.--Any attorney's fee under this subsection shall be subject to approval by the court and shall include an appropriate attorney's fee, if any, for obtaining equitable relief, including an injunction, if

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

applicable. Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.

"(c) ATTORNEY'S FEE AWARDS CALCULATED ON A MIXED BASIS IN COUPON SETTLEMENTS.--If a proposed settlement in a class action provides for an award of coupons to class members and also provides for equitable relief, including injunctive relief--

"(1) that portion of the attorney's fee to be paid to class counsel that is based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (a); and

"(2) that portion of the attorney's fee to be paid to class counsel that is not based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (b).

"(d) SETTLEMENT VALUATION EXPERTISE.--In a class action involving the awarding of coupons, the court may, in its discretion upon the motion of a party, receive expert testimony from a witness qualified to provide information on the actual value to the class members of the coupons that are redeemed.

"(e) JUDICIAL SCRUTINY OF COUPON SETTLEMENTS.--In a proposed settlement under which class members would be awarded coupons, the court may approve the proposed settlement only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members. The court, in its discretion, may also require that a proposed settlement agreement provide for the distribution of a portion of the value of unclaimed coupons to 1 or more charitable or governmental organizations, as agreed to by the parties. The distribution and redemption of any proceeds under this subsection shall not be used to calculate attorneys' fees under this section.

*7

<< 28 USCA § 1713 >>

"§ 1713. Protection against loss by class members

"The court may approve a proposed settlement under which any class member is obligated to pay sums to class counsel that would result in a net loss to the class member only if the court makes a written finding that nonmonetary benefits to the class member substantially outweigh the monetary loss.

<< 28 USCA § 1714 >>

"§ 1714. Protection against discrimination based on geographic location

"The court may not approve a proposed settlement that provides for the payment of greater sums to some class members than to others solely on the basis that the class members to whom the greater sums are to be paid are located in closer geographic proximity to the court.

<< 28 USCA § 1715 >>

"§ 1715. Notifications to appropriate Federal and State officials

"(a) DEFINITIONS.--

"(1) APPROPRIATE FEDERAL OFFICIAL.--In this section, the term 'appropriate Federal official' means--

"(A) the Attorney General of the United States; or

"(B) in any case in which the defendant is a Federal depository institution, a State depository institution, a depository institution holding company, a foreign bank, or a nondepository institution subsidiary of the foregoing (as

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

such terms are defined in section 3 of the Federal Deposit Insurance Act (12 U.S.C. 1813)), the person who has the primary Federal regulatory or supervisory responsibility with respect to the defendant, if some or all of the matters alleged in the class action are subject to regulation or supervision by that person.

"(2) APPROPRIATE STATE OFFICIAL.--In this section, the term 'appropriate State official' means the person in the State who has the primary regulatory or supervisory responsibility with respect to the defendant, or who licenses or otherwise authorizes the defendant to conduct business in the State, if some or all of the matters alleged in the class action are subject to regulation by that person.  If there is no primary regulator, supervisor, or licensing authority, or the matters alleged in the class action are not subject to regulation or supervision by that person, then the appropriate State official shall be the State attorney general.

"(b) IN GENERAL.--Not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consisting of--

"(1) a copy of the complaint and any materials filed with the complaint and any amended complaints (except such materials shall not be required to be served if such materials are made electronically available through the Internet and such service includes notice of how to electronically access such material);

"(2) notice of any scheduled judicial hearing in the class action;

**\*8** "(3) any proposed or final notification to class members of--

"(A)(i) the members' rights to request exclusion from the class action;  or

"(ii) if no right to request exclusion exists, a statement that no such right exists;  and

"(B) a proposed settlement of a class action;

"(4) any proposed or final class action settlement;

"(5) any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants;

"(6) any final judgment or notice of dismissal;

"(7)(A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official;  or

"(B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement;  and

"(8) any written judicial opinion relating to the materials described under subparagraphs (3) through (6).

"(c) DEPOSITORY INSTITUTIONS NOTIFICATION.--

"(1) FEDERAL AND OTHER DEPOSITORY INSTITUTIONS.--In any case in which the defendant is a Federal depository institution, a depository institution holding company, a foreign bank, or a non-depository institution subsidiary of the foregoing, the notice requirements of this section are satisfied by serving the notice required under subsection (b) upon the person who has the primary Federal regulatory or supervisory responsibility with respect to the defendant, if some or all of the matters alleged in the class action are subject to regulation or supervision by that person.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"(2) STATE DEPOSITORY INSTITUTIONS.--In any case in which the defendant is a State depository institution (as that term is defined in section 3 of the Federal Deposit Insurance Act (12 U.S.C. 1813)), the notice requirements of this section are satisfied by serving the notice required under subsection (b) upon the State bank supervisor (as that term is defined in section 3 of the Federal Deposit Insurance Act (12 U.S.C. 1813)) of the State in which the defendant is incorporated or chartered, if some or all of the matters alleged in the class action are subject to regulation or supervision by that person, and upon the appropriate Federal official.

"(d) FINAL APPROVAL.--An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b).

"(e) NONCOMPLIANCE IF NOTICE NOT PROVIDED.--

"(1) IN GENERAL.--A class member may refuse to comply with and may choose not to be bound by a settlement agreement or consent decree in a class action if the class member demonstrates that the notice required under subsection (b) has not been provided.

"(2) LIMITATION.--A class member may not refuse to comply with or to be bound by a settlement agreement or consent *9 decree under paragraph (1) if the notice required under subsection (b) was directed to the appropriate Federal official and to either the State attorney general or the person that has primary regulatory, supervisory, or licensing authority over the defendant.

"(3) APPLICATION OF RIGHTS.--The rights created by this subsection shall apply only to class members or any person acting on a class member's behalf, and shall not be construed to limit any other rights affecting a class member's participation in the settlement.

"(f) RULE OF CONSTRUCTION.--Nothing in this section shall be construed to expand the authority of, or impose any obligations, duties, or responsibilities upon, Federal or State officials.".

<< 28 USCA prec. § 1651 >>

(b) TECHNICAL AND CONFORMING AMENDMENT.--The table of chapters for part V is amended by inserting after the item relating to chapter 113 the following:

"114. Class Action.....................................................1711".

SEC. 4. FEDERAL DISTRICT COURT JURISDICTION FOR INTERSTATE CLASS ACTIONS.

(a) APPLICATION OF FEDERAL DIVERSITY JURISDICTION.--Section 1332 is amended--

<< 28 USCA § 1332 >>

(1) by redesignating subsection (d) as subsection (e); and

<< 28 USCA § 1332 >>

(2) by inserting after subsection (c) the following:

"(d)(1) In this subsection--

"(A) the term 'class' means all of the class members in a class action;

"(B) the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"(C) the term 'class certification order' means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

"(D) the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

"(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--

"(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

"(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

"(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

"(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

**\*10** "(A) whether the claims asserted involve matters of national or interstate interest;

"(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

"(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

"(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

"(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

"(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

"(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

"(A)(i) over a class action in which--

"(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

"(II) at least 1 defendant is a defendant--

"(aa) from whom significant relief is sought by members of the plaintiff class;

"(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

"(cc) who is a citizen of the State in which the action was originally filed; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed;  and

"(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons;  or

"(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

"(5) Paragraphs (2) through (4) shall not apply to any class action in which--

"(A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief;  or

"(B) the number of members of all proposed plaintiff classes in the aggregate is less than 100.

"(6) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

**\*11** "(7) Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

"(8) This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action.

"(9) Paragraph (2) shall not apply to any class action that solely involves a claim--

"(A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));

"(B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized;  or

"(C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

"(10) For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.

"(11)(A) For purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.

"(B)(i)As used in subparagraph (A), the term 'mass action' means any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

"(ii) As used in subparagraph (A), the term 'mass action' shall not include any civil action in which--

"(I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that allegedly resulted in injuries in that State or in States contiguous to that State;

"(II) the claims are joined upon motion of a defendant;

"(III) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action;  or

"(IV) the claims have been consolidated or coordinated solely for pretrial proceedings.

"(C)(i) Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court *12 pursuant to section 1407, or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407.

"(ii) This subparagraph will not apply--

"(I) to cases certified pursuant to rule 23 of the Federal Rules of Civil Procedure;  or

"(II) if plaintiffs propose that the action proceed as a class action pursuant to rule 23 of the Federal Rules of Civil Procedure.

"(D) The limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled during the period that the action is pending in Federal court.".

(b) CONFORMING AMENDMENTS.--

<< 28 USCA §  1335 >>

(1) Section 1335(a)(1) is amended by inserting "subsection (a) or (d) of" before "section 1332".

<< 28 USCA §  1603 >>

(2) Section 1603(b)(3) is amended by striking "(d)" and inserting "(e)".

SEC. 5. REMOVAL OF INTERSTATE CLASS ACTIONS TO FEDERAL DISTRICT COURT.

(a) IN GENERAL.--Chapter 89 is amended by adding after section 1452 the following:

<< 28 USCA §  1453 >>

"§  1453. Removal of class actions

"(a) DEFINITIONS.--In this section, the terms 'class', 'class action', 'class certification order', and 'class member' shall have the meanings given such terms under section 1332(d)(1).

"(b) IN GENERAL.--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

"(c) REVIEW OF REMAND ORDERS.--

"(1) IN GENERAL.--Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"(2) TIME PERIOD FOR JUDGMENT.--If the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3).

"(3) EXTENSION OF TIME PERIOD.--The court of appeals may grant an extension of the 60-day period described in paragraph (2) if--

"(A) all parties to the proceeding agree to such extension, for any period of time; or

"(B) such extension is for good cause shown and in the interests of justice, for a period not to exceed 10 days.

"(4) DENIAL OF APPEAL.--If a final judgment on the appeal under paragraph (1) is not issued before the end of the period *13 described in paragraph (2), including any extension under paragraph (3), the appeal shall be denied.

"(d) EXCEPTION.--This section shall not apply to any class action that solely involves--

"(1) a claim concerning a covered security as defined under section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));

"(2) a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

"(3) a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).".

<< 28 USCA prec. § 1441 >>

(b) TECHNICAL AND CONFORMING AMENDMENTS.--The table of sections for chapter 89 is amended by adding after the item relating to section 1452 the following:

"1453. Removal of class actions.".

SEC. 6. REPORT ON CLASS ACTION SETTLEMENTS.

(a) IN GENERAL.--Not later than 12 months after the date of enactment of this Act, the Judicial Conference of the United States, with the assistance of the Director of the Federal Judicial Center and the Director of the Administrative Office of the United States Courts, shall prepare and transmit to the Committees on the Judiciary of the Senate and the House of Representatives a report on class action settlements.

(b) CONTENT.--The report under subsection (a) shall contain--

(1) recommendations on the best practices that courts can use to ensure that proposed class action settlements are fair to the class members that the settlements are supposed to benefit;

(2) recommendations on the best practices that courts can use to ensure that--

(A) the fees and expenses awarded to counsel in connection with a class action settlement appropriately reflect the extent to which counsel succeeded in obtaining full redress for the injuries alleged and the time, expense, and risk that counsel devoted to the litigation; and

(B) the class members on whose behalf the settlement is proposed are the primary beneficiaries of the settlement; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 (3) the actions that the Judicial Conference of the United States has taken and intends to take toward having the Federal judiciary implement any or all of the recommendations contained in the report.

 (c) AUTHORITY OF FEDERAL COURTS.--Nothing in this section shall be construed to alter the authority of the Federal courts to supervise attorneys' fees.

SEC. 7. ENACTMENT OF JUDICIAL CONFERENCE RECOMMENDATIONS.

<< 28 USCA § 2074 NOTE >>

 Notwithstanding any other provision of law, the amendments to rule 23 of the Federal Rules of Civil Procedure, which are *14 set forth in the order entered by the Supreme Court of the United States on March 27, 2003, shall take effect on the date of enactment of this Act or on December 1, 2003 (as specified in that order), whichever occurs first.

<< 28 USCA § 2071 NOTE >>

SEC. 8. RULEMAKING AUTHORITY OF SUPREME COURT AND JUDICIAL CONFERENCE.

 Nothing in this Act shall restrict in any way the authority of the Judicial Conference and the Supreme Court to propose and prescribe general rules of practice and procedure under chapter 131 of title 28, United States Code.

<< 28 USCA § 1332 NOTE >>

SEC. 9. EFFECTIVE DATE.

 The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act..

Approved February 18, 2005.

PL 109-2, 2005 S 5

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.